IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLEN E. PITTMAN, | ) | CASE NO. 2:16CV13888 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| DUNCAN MACLAREN, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Allen Pittman ("Petitioner" or "Pittman") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Pittman is detained at the Kinross Correctional Facility, having been found guilty by a Wayne County, Michigan, Circuit Court jury of three counts of criminal sexual misconduct of the first degree and three counts of criminal sexual misconduct of the second degree. At sentencing, the trial court sentenced Pittman to 25 to 60 years on each first degree count, to be run consecutively to each other, and 10 to 15 years on each second degree count, to be run concurrently with each other and concurrently with the first degree counts, for a total of 75 to 180 years in prison. Doc. 8-9, pp. 4-5.

On October 20, 2016, Pittman filed his Petition for Writ of Habeas Corpus setting forth six grounds for relief. Doc. 1, pp. 6-36. Also pending on the docket is Pittman's Motion for Stay and Abeyance. Doc. 9. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.[1] As set forth more fully below, Ground 1 is not cognizable, Grounds 2, 3 and 4 are procedurally defaulted and Grounds 5 and 6 fail on the merits. Thus, the undersigned recommends that Pittman's Petition for Writ of Habeas

---

[1] This case was filed in the District Court for the Eastern District of Michigan. Doc. 1. It was reassigned by the Chief Judge of the Sixth Circuit to the District Court for the Northern District of Ohio per 28 U.S.C. § 292(b). Doc. 15.

Corpus (Doc. 1) be **DISMISSED in part** and **DENIED in part**.[2]  The undersigned further

recommends that Pittman's Motion for Stay and Abeyance (Doc. 9) be denied.

## I.  Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, the state court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1).

The petitioner has the burden of rebutting that presumption by clear and convincing evidence.

28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

### A.  State Court Action

#### 1.  Underlying Facts

The following brief summary of underlying facts is taken from the opinion of the Court

of Appeals of Michigan:[3]

> Defendant was convicted of engaging in sexual activity with his girlfriend's
> granddaughter between 2011 and October 2012. The victim testified that defendant
> "touched [her] pee pee" by sticking his hand down her pants and that defendant pulled
> down her pants and "kissed [her] pee pee." She identified her "pee pee" as her "vagina."
> The victim testified that defendant engaged in these acts more than once; they usually
> took place in the garage of his home, which was in Wayne County, but they sometimes
> happened in the home. The victim also testified that one incident occurred during a
> vacation in West Virginia.

*State v. Pittman*, 2015 WL 4988070, at * 1 (Mich. Ct. App. Aug. 20, 2015).

#### 2.  Procedural History

Pittman was charged with three counts of criminal sexual misconduct of the first degree,

Mich. Comp. Laws § 750.520b, and three counts of criminal sexual misconduct of the second

degree, Mich. Comp. Laws § 750.520c.  Doc. 8-1, p. 1.  Pittman pleaded not guilty to the

---

[2]  The grounds in the petition that are procedurally defaulted and not cognizable result in a dismissal; the grounds in the petition that are addressed on the merits result in a denial.

[3]  Pittman has not demonstrated by clear and convincing evidence that the state court's findings of fact were incorrect. Accordingly, the state court's findings are presumed correct.  *See* 28 U.S.C. § 2254(e)(1); *see also Railey*, 540 F. 3d at 397.

charges.  Id.  At trial, a jury found him guilty on all charges.  Id.  The trial court sentenced him to

25 to 60 years on each first degree count, to be run consecutively to each other, and 10 to 15

years on each second degree count, to be run concurrently with each other and concurrently with

the first degree counts, for a total of 75 to 180 years in prison.  Doc. 8-9, pp. 4-5.

Pittman filed a motion for a new trial, which was denied.  Doc. 8-11.

**B. Direct Appeal**

Pittman, through new counsel, appealed to the Michigan Court of Appeals.  Doc. 8-12, p.

103.  In his brief, he raised the following assignments of error:

1. MRE 803A "Hearsay Exception: child statement about sexual act" evidence
improperly admitted into evidence.

2. Jury verdict was not supported by sufficient evidence to permit a "reasonable finder of
fact" to find guilt beyond a reasonable doubt.

3. Closing argument of prosecution misstated and misled jury regarding necessary
"element" of offense of first-degree criminal sexual conduct.

4. Court[']s instruction to the jury allowed jury to believe they may find defendant guilty
of criminal sexual conduct offense(s) out of the state and for which he was not charged.

5. Failure to include M CRIM JI 20.28a permitted jury to find defendant guilty of alleged
bad acts occurring in West Virginia for which he was not charged.

6. Defendant was denied effective assistance of counsel.

Doc. 8-12, pp. 140-141.  On August 20, 2015, the Michigan Court of Appeals affirmed the trial

court's judgment.  Doc. 58-12, pp. 1-7; *People v. Pittman*, 2015 WL 4988070 (Mich. Ct. App.

Aug. 20, 2015).

Pittman, through counsel, appealed to the Michigan Supreme Court.  Doc. 8-14, p. 1.  In

his brief, he raised the following propositions of law:

1. MRE 803A "Hearsay Exception: child statement about sexual act" evidence
improperly admitted into evidence.

2. Failure to include M CRIM JI 20.28a permitted jury to find defendant guilty of alleged bad acts occurring in West Virginia for which he was not charged.

3. Court[']s failure to provide M CRIM JI 3.10 "time and place" (venue) instruction to the jury allowed jury to believe they may find defendant guilty of criminal sexual conduct offense(s) out of the state and for which he was not charged.

4. Closing argument of prosecution misstated and misled jury regarding necessary "element" of offense(s) of first-degree criminal sexual conduct first-degree.

5. Defendant was denied effective assistance of counsel.

Doc. 8-14, p. 4.  The Michigan Supreme Court denied Pittman's application for leave to appeal,

stating, "[W]e are not persuaded that the questions presented should be reviewed by this Court."

Doc. 8-14, p. 1.

### C. Federal Habeas Petition

On October 20, 2016, Pittman, pro se, filed his Petition for a Writ of Habeas Corpus.

Doc. 1.  He listed the following grounds for relief:[4]

**Ground One**: MRE 803A "Hearsay Exception: child statement about sexual act" evidence improperly admitted into evidence.

**Ground Two**: Failure to include M CRIM JI 20.28a permitted jury to find defendant guilty of alleged bad acts occurring in West Virginia for which he was not charged.

**Ground Three**: Court's failure to provide M CRIM JI 3.10 "time and place" (venue) instruction to the jury allowed jury to believe they may find defendant guilty of criminal sexual conduct offense(s) out of state and for which he was not charged.

**Ground Four**: Closing argument of prosecution misstated and misled jury regarding necessary "elements" of offense of first-degree criminal sexual conduct.

**Ground Five:** Defendant was denied effective assistance of counsel.

**Ground Six:** Jury verdict was not supported by sufficient evidence to permit a reasonable finder of fact to find guilt beyond a reasonable doubt.

---

[4] Pittman includes multiple pages containing supporting facts, which the undersigned considers when addressing each ground for relief, *infra*.

Doc. 1, pp. 6-35.  On May 8, 2017, Respondent filed a Response to the Petitioner (Doc. 7) and

the state court record (Doc. 8).  On June 2, 2017, Pittman filed a motion to stay proceedings and

hold petition in abeyance and a motion for appointment of counsel.  Docs. 9, 10.  The Court

denied his motion for appointment of counsel (Docs. 20, 22) and the undersigned ordered him to

file his Traverse notwithstanding his pending motion for stay.  Doc. 20.  The time period within

which to file a Traverse has passed and Pittman has not filed a Traverse.[5]

## II. Standard of Review under AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

petitioner must meet certain procedural requirements in order to have his claims reviewed in

federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).

"Procedural barriers, such as statutes of limitations and rules concerning procedural default and

exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."

*Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes

confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v.*

*Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies when state remedies are

"still available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S.

107, 125 n.28 (1982)).  In contrast, when state court remedies are no longer available, procedural

default rather than exhaustion applies.  *Williams*, 460 F.3d at 806.

Generally, a federal court may not grant a writ of habeas corpus unless the petitioner has

exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant

with federal constitutional claims must fairly present those claims to the state courts before

---

[5]  On August 14, 2017, the undersigned denied Pittman's motion for appointment of counsel and ordered him to file his Traverse within 45 days, or by September 28, 2017.  Doc. 20, p. 2.  Pittman objected to the undersigned's ruling on his motion for counsel and the District Judge denied his requested relief on September 20, 2017.  Doc. 22.  Even if the 45 days were deemed to have been tolled until the date of the District Judge's order, Pittman's Traverse would have been due on November 4, 2017, and he did not file it by that date (and has not yet filed it).

raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6  (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural Default.**  Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.*  In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.  *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and

adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*.  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750.

**Merits Review**.  In order to obtain habeas relief under 28 U.S.C. § 2254(d), a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause).  *Id*.

"Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Under the "unreasonable application" clause, a federal habeas court

may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principals and standards flowing from Supreme Court precedent.  *Id.* at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005).  If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law.  *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard.  *Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011).  "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington*, 562 U.S. at 103.

### III. Claim Analysis

Pittman sets forth six grounds for relief in his Petition.  Doc. 1, pp. 6-36.  The undersigned recommends the Court find that Ground 1 is not cognizable, Grounds 2, 3 and 4 are procedurally defaulted and Grounds 5 and 6 fail on the merits.

### A. Ground 1 is not cognizable

In Ground 1, Pittman argues that Michigan Rule of Evidence 803A was violated when child statements about sexual act evidence were improperly admitted into evidence.  Doc. 1, p. 6.  Ground 1 alleges a violation of state evidentiary rules, which is not cognizable in federal habeas cases.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68(1991) ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").  Accordingly, Ground 1 is not cognizable.

### B. Ground 2 is procedurally defaulted

In Ground 2, Pittman argues that the trial court failed to include the Michigan Model Criminal Jury Instruction 20.28a, Evidence of Other Acts of Child Sexual Abuse.  Pittman asserts that such instructions would have made clear to the jury that Pittman was not on trial for sexual abuse that he may have committed in West Virginia and that evidence of sexual abuse that he may have committed in West Virginia may only be used by the jury to decide if Pittman committed sexual abuse in Michigan.  Doc. 1, pp. 14-16.

The Michigan Court of Appeals ruled that Pittman waived this claim because his trial counsel pronounced "that he was 'satisfied' with the trial court's final instructions."  *Pittman*, 2015 WL 4988070, at *4.  Thus, the Michigan Court of Appeals applied a procedural bar to Pittman's claim.  *See Mungar v. Burt*, 2016 WL 278808, at *7 (E.D. Mich. Jan. 22, 2016) (when trial counsel expresses satisfaction with jury instructions given by the trial court, a claim challenging the jury instructions is waived on appellate review and, accordingly, procedurally defaulted on federal habeas review, citing *People v. Carter*, 612 N.W.2d 144 (Mich. 2000) and

9

*McKissic v. Birkett*, 200 Fed. App'x 463, 471 (6th Cir. 2006)).  Applying the *Maupin* factors, the undersigned finds that (1) there is a state procedural rule that Pittman did not comply with (see Doc. 8-7, p. 166 (defense counsel announcing he was satisfied with the jury instructions)); (2) the Michigan Court of Appeals enforced the procedural rule when it deemed Pittman's claim waived; and (3) the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim, *Mungar*, 2016 WL 278808, at *7.  *See Maupin*, 785 F.2d at 138; *Williams*, 460 F.3d at 806.  Pittman does not allege or demonstrate cause for his failure to follow the rule or that he was actually prejudiced by the alleged constitutional error.  *See id*.  To the extent he could claim ineffective assistance of counsel as cause, such an argument would fail for the reasons explained by the undersigned when discussing Ground 5, *infra*.[6]  Moreover, Pittman does not show that there will be a fundamental miscarriage of justice if his claim is not considered.  *Coleman*, 501 U.S. at 750.

Ground 2 is procedurally defaulted.

**C. Ground 3 is procedurally defaulted**

In Ground 3, Pittman argues that that the trial court failed to include the Michigan Model Criminal Jury Instruction 3.10, Time and Place (Venue).  This claim is procedurally defaulted for the same reasons that Ground 2 is procedurally defaulted.  *See Pittman*, 2015 WL 4988070, at *4 (finding Pittman's claim that the trial court failed to give a venue instruction is waived because trial counsel pronounced satisfaction with the jury instructions).  Moreover, the trial court <u>did</u> give the Michigan Model Criminal Jury Instruction 3.10—3.10a, for sexual conduct cases.  Doc. 8-7, pp. 163-164.  It appears that Pittman takes issue with the order in which the instruction was

---

[6]  The trial court's instructions detailed the elements of criminal sexual conduct in the first degree (counts 1-3) and criminal sexual conduct in the second degree (counts 4-6).  Doc. 8-7, pp. 162-163.  The trial court then stated, "The prosecutor must also prove beyond a reasonable doubt that the crime occurred within Wayne County."  Doc. 8-7, p. 163.  This instruction made clear to the jury (if there was any doubt) that Pittman could only be found guilty of conduct that occurred in Michigan, not in West Virginia.  It is also the Michigan Model Criminal Jury Instruction 3.10a, "Time and Place (Venue) – Criminal Sexual Conduct Cases."

provided.  He alleges that, because the trial court first gave the instruction for first degree criminal sexual conduct then for second degree criminal sexual conduct and, finally for venue, there was a "significant probability" that the jury may have believed that the venue instruction was only for the second degree counts, not for all counts.  Doc. 1, p. 21.  The undersigned is not persuaded that the jury may have believed that the venue instruction only pertained to the second degree counts.

As above, Pittman does not allege cause or prejudice or a manifest injustice.  Ground 3 is procedurally defaulted.

### D. Ground 4 is procedurally defaulted

In Ground 4, Pittman argues that the prosecutor misled the jury in closing argument because she misstated the elements of criminal sexual conduct in the first degree.  Doc. 1, p. 23. Pittman alleges that the element of criminal sexual conduct in the first degree involves the victim's "genital opening" but the prosecutor told the jury in closing argument that it involves the victim's "genital area," which is an element of criminal sexual conduct in the second degree. Doc. 1, p. 23.

The Michigan Court of Appeals observed that Pittman did not object to the prosecutor's statement at trial and, therefore, the issue was unpreserved.  *Pittman*, 2015 WL 4988070, at *3 (citing *People v. Bennett*, 802 N.W.2d 627 (Mich. 2010) (holding that a defendant who fails to contemporaneously object at trial to alleged prosecutorial misconduct fails to preserve the issue for appeal)).  Accordingly, the Michigan Court of Appeals applied plain error review to Pittman's claim.  *Id*.  When the Michigan Court of Appeals found Pittman's claim to be unpreserved and applied plain error review, it applied a regularly used independent and adequate state procedural bar that, in turn, forecloses federal habeas review.  *See Taylor v. McKee*, 649 F.3d 446, 450-451 (6th Cir. 2011) (finding federal habeas claim procedurally defaulted because

the Michigan Court of Appeals applied plain error review to an issue that had not been preserved because the defendant failed to object at trial).

Pittman does not allege cause or prejudice to excuse his procedural default. To the extent ineffective assistance of counsel could be alleged as cause, the undersigned considers and rejects that claim in Ground 5, *infra*. As for prejudice, the undersigned observes that the prosecutor's statement during closing argument occurred prior to the trial court giving instructions to the jury, and the trial court reminded the jury that it should not consider the law to be what the attorneys said but what the court says the law is. See Doc. 8-7, p. 155 ("It is my duty to instruct you on the law. You must take the law as I give it to you. If a lawyer says something different about the law, follow what I say."). In other words, any potential confusion caused by the prosecutor's statement during closing argument was cured when the trial court followed closing arguments with jury instructions that set forth the elements of the charged crimes and directed the jury to follow only the trial court's instructions. *See, e.g., People v. Grayer*, 651 N.W.2d 818, 824 (Mich. Ct. App. 2002) (erroneous misstatements of law by the prosecutor during closing argument were harmless because the trial court correctly instructed the jury on the law and elements of the crimes charged).

Ground 4 is procedurally defaulted.

**E. Ground 5 fails on the merits**

In Ground 5, Pittman argues that trial counsel was ineffective due to his failure to object at trial to the issues discussed above, i.e., that evidence was admitted in violation of MRE 803A, jury instructions as to venue, and the prosecutor's statements at closing argument. Doc. 1, pp. 25-32.

**1. Alleged MRE 803A violation**

The Michigan Court of Appeals considered Pittman's claim that counsel was ineffective

for not challenging the admittance of the victim's statements to her mother as violating MRE

803A:

> Defendant [] argues that trial counsel was ineffective in various respects. Defendant
> raised these claims in a motion for a new trial, which the trial court heard and denied.
> Whether a defendant has been denied the effective assistance of counsel is a mixed
> question of law and fact; the trial court's factual findings are reviewed for clear error, but
> this Court determines de novo whether the facts properly found by the trial court establish
> ineffective assistance of counsel. *People v. LeBlanc*, 465 Mich. 575, 579; 640 NW2d 246
> (2002). Because the trial court did not conduct an evidentiary hearing, review is limited
> to the facts on the record. *People v. Wilson*, 242 Mich.App 350, 352; 619 NW2d 413
> (2000).
>
> "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of
> proving otherwise." *People v. Eloby* (After Remand), 215 Mich.App 472, 476; 547
> NW2d 48 (1996). To establish ineffective assistance of counsel, defendant must "show
> both that counsel's performance fell below objective standards of reasonableness, and that
> it is reasonably probable that the results of the proceeding would have been different had
> it not been for counsel's error." *People v. Frazier*, 478 Mich. 231, 243; 733 NW2d 713
> (2007). Defendant must overcome a strong presumption that counsel's assistance
> constituted sound trial strategy. *People v. Horn*, 279 Mich.App 31, 37–38 n 2; 755 NW2d
> 212 (2008).
>
> Defendant first argues that trial counsel was ineffective because he did not object at trial
> to the victim's hearsay statements to the victim's mother. To the extent that trial counsel's
> failure to object could be considered objectively unreasonable, we cannot conclude that
> defendant was prejudiced by counsel's error. As previously discussed in section I, *supra*,
> any error was harmless.

*Pittman*, 2015 WL 4988070, at *5.  The Michigan Court of Appeals previously discussed

Pittman's challenge to the admission of the victim's statements as follows:

> The victim's mother testified at trial regarding the victim's statements when she first
> disclosed the abuse. The victim asked to speak to her mother privately and, when they
> were alone, the victim told her "that [defendant] had touched her pee pee." The
> conversation stopped when they were interrupted, but once they were alone again, the
> victim resumed relating what defendant did to her and how it happened. At some later
> date, the victim told her mother where the acts of abuse occurred.
>
> Although defendant did not object to the challenged testimony at trial, we will deem this
> issue preserved by defendant's pretrial objection to the admission of the victim's hearsay
> statements under MRE 803A.[] Defendant categorizes the victim's disclosures as
> involving three independent statements, comprised of the initial disclosure (the first

statement), the continued disclosure after the initial interruption (the second statement), and the later disclosure describing the locations where the abuse occurred (third statement). He argues that only the first statement, in which the victim related that defendant touched her "pee pee," was admissible as the first corroborative statement under MRE 803A, and argues that the remaining statements were not admissible.

A preserved issue regarding the admission of evidence is reviewed for an abuse of discretion. *People v. Hine*, 467 Mich. 242, 250; 650 NW2d 659 (2002). An abuse of discretion occurs when the court selects an outcome that is outside the range of reasonable and principled outcomes. *People v. Orr*, 275 Mich.App 587, 588–589; 739 NW2d 385 (2007). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v. Washington*, 468 Mich. 667, 670–671; 664 NW2d 203 (2003). A preserved nonconstitutional error regarding the admission of evidence is presumed to be harmless; the error justifies reversal only if it is more probable than not that it affected the outcome of the case. *People v. Lukity*, 460 Mich. 484, 494–496; 596 NW2d 607 (1999). "An error is deemed to have been 'outcome determinative' if it undermined the reliability of the verdict" in light of the untainted evidence. *People v. Whittaker*, 465 Mich. 422, 427; 635 NW2d 687 (2001) (citations and quotation marks omitted).

Hearsay is not admissible unless the rules of evidence so provide. MRE 802. Under MRE 803A, a hearsay statement "describing an incident that included a sexual act performed with or on the declarant by the defendant ... is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding" if four criteria are met. Those conditions are not challenged here. The rule further provides, however, that "[i]f the declarant made more than one corroborative statement about the incident, only the first is admissible under this rule." The reason a child's first statement is preferred over later statements is because "[a]s time goes on, a child's perceptions become more and more influenced by the reactions of the adults with whom the child speaks." *People v. Katt*, 468 Mich. 272, 296; 662 NW2d 12 (2003). Thus, the focus is on the first person to whom the child disclosed the abuse. *See, e.g., People v. Douglas*, 496 Mich. 557, 568–569, 575; 852 NW2d 587 (2014) (where child disclosed the abuse to his mother, his subsequent statement to a forensic interviewer was not admissible).

In this case, the first two statements involved the victim's first report to her mother. The statements were part of the same conversation with the same person, made within a relatively short time of one another. They were not made all at once only because the conversation was interrupted, for reasons unrelated to the statements. Therefore, the purpose for limiting corroborative testimony to the first statement was not implicated. Under these circumstances, we conclude that the so-called first and second statements may be considered parts of one disclosure, and thus both were admissible under MRE 803A. Even if the second statement was not admissible, however, we would conclude that the error was harmless.

The mother's testimony about the reported acts of abuse was cumulative of both the victim's own trial testimony and her statements at the medical examination. Inadmissible

14

evidence that is cumulative of other admissible evidence is generally harmless. *People v. Matuszak*, 263 Mich.App 42, 52; 687 NW2d 342 (2004); *People v. Rodriquez* (On Remand), 216 Mich.App 329, 332; 549 NW2d 359 (1996). As defendant notes, cumulative hearsay testimony may be more harmful than not when "the evidence essentially presents a one-on-one credibility contest between the victim and the defendant[ .]" *People v. Gursky*, 486 Mich. 596, 620–621, 786 NW2d 579 (2010).[2] However, the *Gursky* Court went on to state that when the declarant also testifies and is subject to cross-examination, "the hearsay testimony is of less importance and less prejudicial," particularly when it is offered to corroborate the declarant's testimony. *Id.* at 621. Here, the prosecutor argued that the mother's testimony corroborated the victim's testimony. We conclude that it is not more probable than not that any hypothetical error in admitting the second statement was outcome-determinative.

> [FN] It is questionable whether this case could be considered a "one-on-one credibility contest." Defendant never testified and thus the jury was not required to assess defendant's credibility or determine whether he or the victim was the more credible witness.

We agree with defendant that the victim's third statement to her mother, regarding the locations where the abuse occurred, was not admissible. Although the third statement was made to the same person as the prior statements, it was made at a different time. Because the victim had already disclosed the abuse to her mother, the third statement was not the first corroborative statement and, therefore, was not admissible. However, the content of the third statement was also cumulative of the victim's trial testimony. The erroneous admission of this statement was not outcome-determinative.

*Pittman*, 2015 WL 4988070, at *1-3.

The Michigan Court of Appeals correctly applied the standard in *Strickland v. Washington* to Pittman's claim.  466 U.S. 648, 694 (1984) (the court considers whether counsel's performance fell below an objective standard of reasonableness and whether, but for counsel's errors, the outcome of the proceeding would have been different).  The state Court of Appeals' determination that the admissibility of the victim's second statement was not error and her third statement was harmless error was well reasoned.  In other words, Pittman was not prejudiced by the admittance of the statements.

Pittman argues that the time period (one hour) between the victim's first and second statements to her mother is too long to constitute a break in the same conversation.  He contends that the statements constitute two separate conversations, the second of which is not admissible

under MRE 803A. Doc. 1, p. 27. The Michigan Court of Appeals disagreed, and its decision is not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103. Pittman's challenge to trial counsel's effectiveness on this claim fails.

### 2. Alleged jury instruction violation

The Michigan Court of Appeals considered Pittman's claim that counsel was ineffective for failing to challenge the jury instructions for venue:

> Defendant ... argues that counsel was ineffective for failing to object to the trial court's jury instructions and for failing to request a limiting instruction regarding the other-acts evidence. Whether to object to the trial court's instructions is a matter of trial strategy. *People v. Branner*, 53 Mich.App 541, 546; 220 NW2d 183 (1974). Counsel's decision whether to request a cautionary or limiting instruction is also a matter of trial strategy. *People v. Rice* (On Remand), 235 Mich.App 429, 444–445; 597 NW2d 843 (1999). Counsel should be deemed ineffective for failing to object to or request a particular instruction only if that instruction pertains to a basic and controlling issue in the case. *See People v. Ortiz*, 249 Mich.App 297, 312; 642 NW2d 417 (2001).
>
> Defendant contends that counsel should have objected to the jury instructions because the trial court instructed the jury on venue only with respect to the charges of second-degree CSC, and not with respect to the charges of first-degree CSC. Defendant argues that he was prejudiced by this deficiency because there was evidence that he committed an act of first-degree CSC in West Virginia, and the absence of an appropriate venue instruction could have enabled the jury to rely on that evidence to convict him of first-degree CSC. We disagree. The general rule is that a "trial should be by a jury of the county or city where the offense was committed." *People v. Lee*, 334 Mich. 217, 226; 54 NW2d 305 (1952.) While "venue is not an essential element of a criminal offense," it does present a question of fact for the jury to determine. *People v. Gayheart*, 285 Mich.App 202, 216; 776 NW2d 330 (2009). Accordingly, this Court has held that "[v]enue is a part of every criminal prosecution and must be proved by the prosecutor beyond a reasonable doubt." *People v. Webbs*, 263 Mich.App 531, 533; 689 NW2d 163 (2004).
>
> The trial court instructed the jury that defendant was charged with three counts of first-degree CSC and three counts of second-degree CSC and that it must consider each count separately. It then instructed the jury on the elements of first-degree CSC and the elements of second-degree CSC, following which it read CJI2d 3.10a (now M Crim JI 3.10a) word for word, which required the jury to find beyond a reasonable doubt that the charged crime occurred in Wayne County. Venue is not an element of the crime, *Gayheart*, 285 Mich.App at 216, and thus the venue instruction was not an element of the charge of second-degree CSC as read to the jury. It was simply the next instruction that was read following the elements of the offenses and pertained to all charges at issue. The

trial court was not required to repeat the venue instruction with respect to each offense. Because the instruction was proper, counsel was not ineffective for failing to object.

The general rule is that if other-acts evidence is admitted, "the trial court, upon request, may provide a limiting instruction under MRE 105." *See People v. Knox*, 469 Mich. 502, 509; 674 NW2d 366 (2004) (discussing MRE 404(b)). CJI2d 20.28 (now M Crim JI 20.28) is the standard limiting instruction for other acts of sexual misconduct generally, and CJI2d 20.28a (now M Crim JI 20.28a) is the standard limiting instruction for other acts of sexual misconduct admitted under MCL 768.27a. There is no indication in the record that counsel requested a limiting instruction, but there may have been a legitimate strategic reason for that omission. *See People v. Gioglio* (On Remand), 296 Mich.App 12, 22–23; 815 NW2d 589 (2012), remanded for resentencing 493 Mich. 864 (2012). It may be reasonable trial strategy not to request a limiting instruction so as "to downplay defendant's prior conduct and the underlying purpose for offering [the] evidence ...," *Rice* (On Remand), 235 Mich.App 444–445, especially where, as here, the evidence was admitted "to show [the] defendant's character and propensity to commit the charged crime," *see People v. Watkins*, 491 Mich. 450, 470; 818 NW2d 296 (2012). Accordingly, we cannot conclude that counsel's failure to request a limiting instruction was objectively unreasonable.

*Pittman*, 2015 WL 4988070, at *6-7.

Pittman asserts, "there is no sound trial strategy that could explain the failure of trial counsel to request the appropriate instruction." Doc. 1, p. 29. The undersigned disagrees. The Michigan Court of Appeals identified a sound trial strategy for counsel's decision not to request a limiting instruction: counsel may have deemed it wise to avoid highlighting evidence that Pittman sexually abused the victim in another state. Trial counsel's failure to object to the order in which the venue instruction was given was not error because the order in which the instruction was given was not confusing. In short, based on the evidence presented, the Michigan Court of Appeals reasonably applied the *Strickland* standard and Pittman's claim fails.

### 3. Alleged prosecutorial misconduct

The Michigan Court of Appeals considered Pittman's claim that counsel was ineffective for failing to object to the prosecutor's statements during closing argument,

Defendant next argues that trial court was ineffective for failing to object to the prosecutor's misstatement of the law during closing argument. To the extent that counsel's

decision could be considered unreasonable, it did not affect the outcome of the case, as discussed earlier.

*Pittman*, 2015 WL 4988070, at *6.  Earlier in its decision, the Michigan Court of Appeals

explained,

> Defendant ... argues that the prosecutor misstated the law when discussing the elements of first-degree CSC during her closing argument. Defendant did not object to the prosecutor's statement at trial, leaving this issue unpreserved. *People v. Bennett*, 290 Mich.App 465, 475; 802 NW2d 627 (2010). Accordingly, our review is limited to determining whether a plain error occurred that affected defendant's substantial rights. *People v. Carines*, 460 Mich. 750, 763–764; 597 NW2d 130 (1999); *People v. Goodin*, 257 Mich.App 425, 431; 668 NW2d 392 (2003).
>
> "The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial (i.e., whether prejudice resulted)." *People v. Abraham*, 256 Mich.App 265, 272; 662 NW2d 836 (2003). The reviewing court must examine the prosecutor's remarks in context, on a case-by-case basis. *Id*. at 272–273. "A prosecutor's clear misstatement of the law that remains uncorrected may deprive a defendant of a fair trial." *People v. Grayer*, 252 Mich.App 349, 357; 651 NW2d 818 (2002). For example, a misstatement of the law that severely undermines a viable defense theory and that is not corrected can deprive the defendant of a fair trial. *People v. Matulonis*, 115 Mich.App 263, 267–268; 320 NW2d 238 (1982). "However, if the jury is correctly instructed on the law, an erroneous legal argument made by the prosecutor can potentially be cured." *Grayer*, 252 Mich.App at 357.
>
> In her closing argument, the prosecutor addressed the elements of the two offenses. Regarding the charges of first-degree CSC, she stated:
>
>> The other count is criminal sexual conduct first degree, and this is for kissing her vagina, her genital area. And there's two elements for that, that he kissed her, he touched her with his mouth on her vagina, her genital area, and that she was under the age of thirteen.
>
> First-degree CSC can be proven by evidence that the defendant engaged in sexual penetration with another person who was under 13 years of age. MCL 750.520b(1)(a). Sexual penetration is defined to include cunnilingus. MCL 750.520a(r). The victim, who was eight years old at the time of trial, testified that defendant kissed her "pee pee," which she identified as her "vagina." A touching of the genital area that even slightly penetrates the labia constitutes sexual penetration. *People v. Lockett*, 295 Mich.App 165, 188; 814 NW2d 295 (2012). The trial court instructed the jury that, to find defendant guilty of first-degree CSC, it would have to find, among other things, that defendant "engaged in a sexual act that involved touching of [the victim's] genital opening with the [d]efendant's mouth or tongue." The court also instructed the jury that the lawyer's statements were not evidence and that it was the court's duty "to see that the trial is conducted according to the law and to tell you the law that applies to this case." Under all

the circumstances, even if the prosecutor's argument could potentially be deemed problematic, we find no basis for reversal.

*Pittman*, 2015 WL 4988070, at *3-4.

Pittman argues that the one-line instruction by the trial court to follow what the court says rather than what the lawyers say is insufficient. Doc. 1, p. 32. The undersigned disagrees. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (Juries are presumed to follow their instructions). The Michigan Court of Appeals' decision was not unreasonable.

Ground 5 fails on the merits.

**F. Ground 6 fails on the merits**

In Ground 6, Pittman argues that there was insufficient evidence to find him guilty of first degree criminal sexual conduct beyond a reasonable doubt. Doc. 1, p. 35. Specifically, Pittman asserts that the victim referred to acts Pittman did to her "pee pee," which she defined as her "vagina," and quibbles with the fact that the victim may not have understood the difference between her genital "opening" and her genital "area" such that it could definitively be found that Pittman touched the victim's genital "opening" as required for criminal sexual conduct in the first degree. Doc. 1, p. 36.

**1. Ground 6 is unexhausted**

Respondent asserts that Ground 6 is unexhausted because Pittman did not raise this claim in his appeal to the Michigan Supreme Court. Doc. 7, pp. 38-39. Respondent does not identify the procedural mechanism still available to Pittman, although Pittman states that he can seek a delayed application for leave to appeal with the Michigan Supreme Court. Doc. 9, p. 2. Thus, it appears that Ground 6 is unexhausted.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court has discretion to stay a mixed petition, i.e., a petition containing exhausted and unexhausted claims. However,

19

"[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings [and] . . . undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his habeas petition." *Id*. at 277. Thus, stay and abeyance is only appropriate in limited instances such as "when the district court determined there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

The court may consider the petition and resolve the unexhausted claim if the claim plainly fails on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Rhines*, 544 U.S. at 277 (a court may resolve an unexhausted claim that is "plainly meritless").

**2. Ground 6 is "plainly meritless" and may be denied on the merits**

Pittman presented Ground 6 to the Michigan Court of Appeals, which rejected his claim, explaining,

> Defendant next argues that the victim's testimony was insufficient to prove sexual penetration, a necessary element of first-degree CSC. We disagree.
>
> A challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v. Cline*, 276 Mich.App 634, 642; 741 NW2d 563 (2007). This Court must review the record de novo and, viewing the evidence in the light most favorable to the prosecution, determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v. Hoffman*, 225 Mich.App 103, 111; 570 NW2d 146 (1997). Circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to prove the elements of a crime. *People v. Nowack*, 462 Mich. 392, 400; 614 NW2d 78 (2000). It is for the trier of fact to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded them. *People v. Hardiman*, 466 Mich. 417, 428; 646 NW2d 158 (2002). All conflicts in the evidence are to be resolved in favor of the prosecution. *People v. Terry*, 224 Mich.App 447, 452; 569 NW2d 641 (1997).

First-degree CSC requires proof that the defendant engaged in "sexual penetration" with another person. MCL 750.520b(1). The term "[s]exual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body[.]" MCL 750.520a(r). Cunnilingus has been defined as "the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself, or the mons pubes [sic]." *People v. Harris*, 158 Mich.App 463, 470; 404 NW2d 779 (1987). The victim testified that defendant kissed her "pee pee," which she identified as her "vagina." That statement was sufficient to allow the jury to find that defendant committed first-degree CSC. We find no basis for reversal.

*Pittman*, 2015 WL 4988070, at *3.

When a court reviews a claim that a petitioner's conviction was not supported by sufficient evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Under this standard, deference is due the jury's determination.  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  The standard is not whether the trier of fact made the correct guilt or innocence determination but, rather, whether it made a rational decision to convict or acquit.  *Herrera v. Collins*, 506 U.S. 390, 402 (1993).  Thus, in making a determination as to sufficiency of evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury."  *Brown*, 567 F.3d at 205; *see also Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).  "Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt."  *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (internal quotations and citations omitted); *see also Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) ("circumstantial evidence is entitled to equal weight as direct evidence").

Here, the Michigan Court of Appeals applied the correct sufficiency of the evidence standard to Pittman's claim.  It explained why the victim's statements constituted sufficient

evidence for a jury to convict Pittman of first degree criminal sexual conduct.  Pittman alleges, "There is nothing to indicate that [the victim] understood there to be any distinction between what may constitute her 'genital opening' and her 'genital area.'"  Doc. 1, p. 36 (emphasis omitted).  But it is for the jury, not the appellate courts, to determine what inferences may be fairly drawn from the evidence.  *See People v. Hardiman*, 646 N.W.2d 158, 165 (Mich. 2002).  This includes an inference that first degree criminal sexual conduct occurred despite the victim not testifying to precise anatomical specifics.  *See, e.g., People v. Legg*, 494 N.W.2d 797, 798 (Mich. Ct. App. 1992) (victim's statement that the defendant touched his mouth to the part of her body "that I go to the bathroom with" was sufficient to establish cunnilingus as required for first degree criminal sexual conduct); *People v. Franklin*, 2017 WL 2791464, at *3 (Mich. Ct. App. June 27, 2017) ("the parties' disagreement over whether defendant's touching was 'on' or 'in' [the victim's vagina] was immaterial to whether defendant was guilty of CSC–I involving cunnilingus.").

Ground 6 is plainly meritless and, therefore, may be denied on the merits.  *Rhines*, 544 U.S. at 277.  Accordingly, Pittman's motion to stay these proceedings so that he may exhaust Ground 6 in the Michigan Supreme Court (Doc. 9) should be denied.

## IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Pittman's habeas Petition

be **DISMISSED** in part and **DENIED** in part because Ground 1 is not cognizable, Grounds 2, 3

and 4 are procedurally defaulted and Grounds 5 and 6 fail on the merits.  The undersigned further

recommends that Pittman's Motion for Stay and Abeyance (Doc. 9) be denied.

Dated: December 15, 2017

_____
Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir.
1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).